[Cite as *State v. Garcia*, 2023-Ohio-1219.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,         :

                                    No. 111795

    v.                           :

ANTHONY GARCIA,                         :

    Defendant-Appellee.          :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 13, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664823-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellee.*

LISA B. FORBES, P.J.:

{¶ 1} Appellant the state of Ohio ("the state") appeals the trial court's journal entry sentencing appellee Anthony Garcia ("Garcia") to a definite prison term of five years. After reviewing the facts of the case and pertinent law, we reverse.

## I. Facts and Procedural History

{¶ 2} Garcia pled guilty to felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2); aggravated burglary, a first-degree felony in violation of R.C. 2911.11(A)(2); and resisting arrest, a second-degree misdemeanor in violation of R.C. 2921.33(A).

{¶ 3} On July 28, 2022, the trial court journalized an entry sentencing Garcia to a definite prison term of five years. It is from this order that the state appeals.

## II. Law and Analysis

{¶ 4} In its sole assignment of error, the state asserts that "the trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201." S.B. 201 is otherwise known as the Reagan Tokes Law. In response, Garcia argues that the trial court did not err because the Regan Tokes Law violates "the constitutional right to trial by jury," "the separation of powers doctrine," and "due process."

{¶ 5} This court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), determined that "[t]he Reagan Tokes Law is not unconstitutional based on the claims presented by the defendants." *Id.* at ¶ 51. The

*Delvallie* opinion addressed arguments related to the defendant's right to a trial by jury, the separation-of-powers doctrine, and the defendant's right to due process.

**{¶ 6}** Garcia has not raised a new constitutional challenge to the Reagan Tokes Law, and we are therefore constrained to follow this court's en banc decision in *Delvallie*. The state's sole assignment of error is sustained.

**{¶ 7}** Judgment reversed and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR

N.B. The author of this opinion is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.